UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SAMUEL JAY BUCK,            )
                            )
            Plaintiff,      )
                            )
      v.                    )     No. 2:18-cv-00174-WTL-MJD
                            )
FEDERAL CORRECTIONAL INSTITUTION -- )
SAFETY DEPARTMENT -- IN TERRE HAUTE )
INDIANA,                    )
                            )
            Defendant.      )

**Entry Discussing Filing Fee, Dismissing Complaint and Directing Further Proceedings**

**I. Filing Fee**

The plaintiff's motion for leave to proceed without prepaying fees or costs, Dkt. No. 2, is **granted** because the Court finds that the plaintiff does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full five dollar filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See id. § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening Standard

The plaintiff is a prisoner currently incarcerated at the Federal Correctional Institution ("FCI") in Terre Haute, Indiana. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## III. The Complaint

Plaintiff Samuel Jay Buck alleges that two fingers on his right hand were seriously injured on June 15, 2016, by an industrial fan with a broken safety cage.

Mr. Buck wants the defendant to fix or replace the unsafe fans. He seeks $5,000 in monetary damages and an earlier release date so he can seek therapy and nerve treatment.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents*,

2

403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States*, 756 F.2d 497, 500 n.4 (7th Cir. 1985). Mr. Buck's complaint does not state a claim under either of these theories of liability.

**A.**

Under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), the only proper defendant is the United States itself, *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue"). The failure to name the appropriate defendant requires the dismissal of this claim.

**B.**

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials"). No individual officer has been named as a defendant and the allegations suggest that the harm was a result of negligence. A claim of negligence will not support relief pursuant to *Bivens*. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through May 16, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 2:18-cv-174-WTL-MJD and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 4/17/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

4

Distribution:

SAMUEL JAY BUCK
09325-091
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808